IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MARIAN BLOCKER                                                         PLAINTIFF

v.                                                     Civil No. 3:15-cv-510-WHB-JCG

CITY OF TUPELO, ET AL.                                                 DEFENDANT

## REPORT AND RECOMMENDATION

BEFORE THE COURT is an Application [2] to Proceed *in forma pauperis* filed by Marian Blocker ["Plaintiff"]. Plaintiff, who is proceeding *pro se*, filed the above captioned cause pursuant to 42 U.S.C. § 1983. Having considered the record, the pleadings on file, and Plaintiff's testimony during the hearing conducted on October 21, 2015, the undersigned recommends that the Application to Proceed *in forma pauperis* be denied and that Plaintiff be directed to pay the full civil filing fee within sixty days.

## I. FACTS AND PROCEDURAL BACKGROUND

Plaintiff is thirty two [32] years of age and resides in Tupelo, Mississippi, with her parents. On July 15, 2015, Plaintiff filed her Complaint [1] in the United States District Court for the Southern District of Mississippi, Northern Division, naming the City of Tupelo Police Department and the City of Tupelo as defendants. On that same day, Plaintiff filed a Motion/Application [2] for Leave to Proceed *in forma pauperis*, or without prepayment of fees and costs. Plaintiff's completed Application [2] reflects "$0.00" or "N/A" in all blanks, save two instances: 1) question four where Plaintiff indicates she has $27.50 in a checking/savings

account; and 2) question five where Plaintiff indicates she owns land valued at $625.00. The Court, upon initial review of Plaintiff's Application [2] and having determined that additional information was necessary regarding Plaintiff's current financial status, entered an Order [3] scheduling a hearing on Plaintiff's Motion to Proceed *in forma pauperis*.

On October 21, 2015, the Court convened the hearing. Plaintiff, along with her mother, appeared for the hearing. Plaintiff was sworn and responded to the Court's additional questions regarding the financial information provided in her Application.

## II. **DISCUSSION**

"Section 1915(a) is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay any part of the statutory filing costs." *Prows v. Kastner,* 842 F.2d 138, 140 (5th Cir. 1988)(citing 28 U.S.C. § 1915(a)). The district court must determine whether payment of all or a part of the costs will cause the plaintiff undue financial hardship in light of his financial resources and liabilities. *Id.* The Court's determination is reviewed for an abuse of discretion. *Id.*

The record before the Court indicates that Plaintiff is currently employed and earns between $2,000.00 and $3,500.00 per month, depending on overtime and certain variables. Plaintiff clarified that at the time she completed the Application [2], she was unemployed and that she has since obtained employment. Plaintiff is single, has no children, and resides with her parents in Tupelo, Mississippi.

Plaintiff's Application indicates with a "$0.00" that she does not own a motor

vehicle. Plaintiff's Complaint references harassment by the Defendants "stemming from the purchasing of two new cars at the same time which caused a lot of local envy and anger/jealousy." Compl. [1] at p. When asked to clarify this discrepancy, Plaintiff testified that she has a vehicle and while her name is not on the title, she referred to this car as a gift from her parents and thus does not consider it an asset.

Plaintiff testified that in addition to her employment with steady income, she receives cash for birthdays and other special occasions.[1] While Plaintiff's testimony alluded to certain outstanding debt, it also established that her parents assumed her bills and covered all household and living expenses for her while she was unemployed.

After consideration of the record and Plaintiff's testimony, it is the opinion of the undersigned that Plaintiff is capable of paying the filing fee without undue hardship if given a reasonable amount of time to tender the requisite amount.

**RECOMMENDATION**

Based on the foregoing, the undersigned recommends that:

1. Plaintiff's Application [2] to Proceed *in forma pauperis* be denied;

2. Plaintiff be given sixty (60) days, or until **December 21, 2015**, to pay the $400.00 civil filing fee ($350.00 + $50.00 administrative fee); and

3. Should Plaintiff fail to timely pay the civil filing fee, this matter be dismissed without prejudice.

---

[1] Plaintiff's Application provided "$0.00" in response to gifts.

# NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U.Civ.R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Automobile Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 22nd day of October, 2015.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE