IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

MARIAN BLOCKER                                                                              PLAINTIFF

VS.                                                                    CIVIL ACTION NO: 1:16CV2-DAS

CITY OF TUPELO AND
CITY OF TUPELO POLICE DEPARTMENT                                              DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court on defendants' motion to dismiss [24]. Having considered the motion, the court finds that it should be granted in part and denied in part.

## I. BACKGROUND

Plaintiff Marian Blocker originally filed this action in the United States District Court for the Southern District of Mississippi. However, because she and the defendants are residents of Tupelo, Mississippi, and because the alleged misconduct also took place in Tupelo, Mississippi, Blocker's case was transferred to this district court—the United States District Court for the Northern District of Mississippi. After her case was transferred, Blocker filed an amended complaint, which, like the original, alleges various instances of misconduct on the part of local law enforcement officers.

The main thrust of her complaint concerns an incident that occurred on May 27th, 2015. Blocker alleges the Tupelo Police department arrived at her home around 8:45 p.m. and "proceeded to bang on the various doors around the house in a terrorizing and menacing manner, as well as casing out the house along with shining flashlights into various windows around the house." Doc. 17, pp. 41-42. Allegedly, this continued for nearly an hour, during which time, Blocker noticed several police cars, marked and unmarked, circling the block upon which her

1

residence is situated. Despite the repeated knocks on her front door, Blocker states she never answered the door or otherwise inquired into the reasons behind the incursion. She does state, however, that she made several calls to, and left several messages with, the "Federal Court District in Northern MS." *Id*. at 42. According to her complaint, her calls and messages went unanswered, which has "only caused her more anguish and to regress into sleeplessness and restless[ness]." *Id*.

Blocker alleges to have endured a similar incident on June 26th, 2015, less than a month later. She claims the police "rudely awakened" her from sleeping by loudly banging on the doors and ringing the doorbell. This time, Blocker answered the door, and the police officers informed her that they were looking for someone named Jada because she had made a call from Blocker's residence around 2:27 a.m. Evidently, the police left after Blocker informed them Jada had run away from home, but she contends their visit was nothing short of "sheer harassment." Doc. 17, p.43.

Blocker's complaint then proceeds to list a litany of tangential issues with the local police and public officials. She claims she and her family have suffered from "uninvestigated vandalism to their private properties, harassment on various levels for various reasons…, uninvestigated stalking of Marian and Chanel Blocker, trespassing onto personal property by the officers of the [Tupelo Police Department]…, illegal prosecution for false animal abuse charges against Alex Blocker…, uninvestigated identity theft cases resulting in false charges…, false imprisonment and accusations of fraud against Marian Blocker…" Doc. 17, p. 42. Blocker also alleges to have suffered identity theft on multiple occasions after Detective Daniel McKinney and then District Attorney Trent Kelly exposed her personal information to a grand jury. *Id*.

Notably, Blocker believes the aforementioned misconduct is motivated by a grudge against her and her family. However, she cannot pinpoint the reasons for the grudge: "The reasons for a grudge, who knows, other than petty reasons, skin color, socioeconomics, gender, intellect, education, and just plain jealousy because certain individuals are lacking thereof." Doc. 17, p. 42. For the reasons set forth above, Blocker is seeking "Money for Pain, Suffering, Medical Bills, Lost Wages, and Legal Fees ($5 million) as well as better training, communications between and monitoring of local law enforcement by the state and federal governments." *Id*. at 43.

## II. MOTION TO DISMISS STANDARD

In order to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Ultimately, the court's task "is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *In re McCoy*, 666 F.3d 924, 926 (5th Cir. 2012), *cert. denied*, 133 S. Ct. 192 (2012). Therefore, the court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232-33 (5th Cir. 2009). Still, this standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. There must be sufficient facts "to raise a reasonable hope or expectation…that discovery will reveal relevant evidence of each element of a claim." *Lormand*, 565 F.3d at 257 (citing *Twombly*, 550 U.S. at 555, 559) (other citations omitted).

3

Importantly, the court liberally construes pleadings filed *pro se*, such as the complaint in this case. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (noting that *pro se* complaints are held "to less stringent standards than formal pleadings drafted by lawyers"). Moreover, even "[w]hen the dismissal of a *pro se* complaint is appropriate, it should generally be done without prejudice in order to allow the plaintiff an opportunity to file an amended complaint." *Rodriguez v. U.S.*, 66 F.3d 95, 97-98 (5th Cir. 1995) (citing *Moawad v. Childs*, 673 F.2d 850, 851 (5th Cir. 1982)).

### III. DISCUSSION

In response to Blocker's amended complaint, the defendants have filed the present motion to dismiss. In it, they raise the following arguments: (1) the court lacks jurisdiction to adjudicate this action; (2) Blocker's complaint fails to state a claim upon which relief may be granted; (3) Blocker's state law claims, if any, should be dismissed for failing to comply with the Mississippi Tort Claims Act; and (4) Blocker lacks standing to assert claims on behalf of other people, such as Chanel and Alex Blocker. Each argument will be treated separately below.

### A. Jurisdiction

The first issue is whether Blocker's amended complaint should be dismissed for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Defendants argue that Blocker's jurisdictional allegations are wholly insufficient because they relate entirely to her belief that the case should be tried in the United States District Court for the Southern District of Mississippi. Consequently, defendants argue Blocker has failed to demonstrate a diversity of citizenship pursuant to 28 U.S.C. § 1332, and she has likewise failed to invoke federal question jurisdiction pursuant to 28 U.S.C. § 1331 because her complaint does not

reference a single constitutional amendment or federal statute allegedly violated by the City of Tupelo or its police department.

Since the parties are clearly not diverse—all are citizens of Tupelo, Mississippi—jurisdiction for Blocker's claims rest solely on whether she has established federal question jurisdiction under 28 U.S.C. § 1331. Federal courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Under the well-pleaded complaint rule, a federal court does not have federal question jurisdiction unless a federal question appears on the face of the plaintiff's well-pleaded complaint." *Elam v. Kansas City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011). Although her complaint is difficult to understand and is written in dense, stream-of-conscious paragraphs, it appears to bring claims for alleged civil rights violations under 42 U.S.C. § 1983.[1] Because a federal question appears on the face of plaintiff's amended complaint, the court finds Blocker has established subject matter jurisdiction under 28 U.S.C. § 1331.

### B. Failure to State a Claim

The second issue before the court is whether Blocker's amended complaint states a claim for which relief may be granted. Defendants argue Blocker has failed to articulate any specific violation of federal law by the City of Tupelo or its police department. Rather, they contend it merely references her discontent with various investigations conducted by the Tupelo Police Department. Furthermore, defendants describe Blocker's claims as "largely incomprehensible"

---

[1] "[N]o heightened pleading rule requires plaintiffs seeking damages for violations of constitutional rights to invoke § 1983 expressly in order to state a claim." *Johnson v. City of Shelby, Miss.*, 135 S.Ct. 346, 347 (2014) (per curiam). "A complaint need not cite a specific statutory provision or articulate a perfect 'statement of the legal theory supporting the claim asserted.'" *Smith v. Bank of Am., N.A.*, 615 Fed. Appx. 830, 833 & n. 11 (5th Cir. 2015) (per curiam).

5

and violative of Federal Rules of Civil Procedure 8(a)(2) and 10(b).[2] For these reasons, they believe Blocker's claims are frivolous and merit dismissal.

To establish a claim under 42 U.S.C. § 1983, "a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under the color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013), *cert. denied*, 134 S.Ct. 1935 (2014). Because Blocker is suing an entity and not an individual, she must demonstrate that a constitutional violation occurred as a result of some official policy of the City of Tupelo. *Board of Cnty. Commissioners, Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 403-404 (1997). Such "policy" can exist in the form of an official "policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority…" *Johnson v. Deep. E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 309 (5th Cir. 2004) (quoting *Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992)). The requisite "policy" may also consist of a "persistent, widespread practice of…officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents…policy." *Id*.

The first issue with Blocker's complaint is it fails to cogently articulate which constitutional right or federal law the defendants have allegedly violated. Blocker has also failed to identify any official written policy of the defendants that contributed to the various allegations of harassment and abuse set forth in her complaint. She has, likewise, not alleged any

---

[2] Although the Federal Rules of Civil Procedure require plaintiffs to provide "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and to state their claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances," Fed. R. Civ. P. 10(b), Blocker is a *pro se* litigant. Therefore, her pleadings are to be liberally construed and subject to less stringent standards than those drafted by an attorney. *See Johnson*, 999 F.2d at 100.

"persistent, widespread practice" of any kind. Accordingly, the court finds that Blocker has failed to state a claim for relief against the defendants. However, because she proceeds in this action *pro se*, Blocker is held to less stringent standards than a litigant who is represented by counsel. Therefore, Blocker may file a motion for leave to amend her complaint in order to remedy her defective allegations against the defendants.

### C. State Law Claims

The third issue is whether Blocker's state law claims, if any, are properly before this court. In their motion, the defendants raise the Mississippi Tort Claims Act as a defense to any claims Blocker may have arising under state law. Because she did not provide the statutorily required notice to the City of Tupelo of her intent to file suit, the defendants argue Blocker should be barred from seeking relief under state law in this action.

The court agrees with the defendants and finds Blocker is barred from asserting any state law claims in this action. Because she is suing a municipality of the state of Mississippi, Blocker was required to provide a notice of her state law claims to the City of Tupelo at least ninety (90) days prior to commencing this action. Miss. Code Ann. § 11-46-11(1). There is nothing in the record showing Blocker provided the City of Tupelo with the requisite notice. Therefore, Blocker's state law claims, if any, should be dismissed.

### D. Standing

The final issue raised in defendants' motion is whether Blocker has standing to assert claims on behalf of Chanel and Alex Blocker. As previously mentioned, Blocker's complaint alleges officers from the Tupelo Police Department had stalked her and Chanel Blocker. It also accuses the police department of maliciously prosecuting Alex Blocker on false charges of animal cruelty. Because Blocker has not pled that she stands in any representative capacity for

7

either Chanel or Alex, the defendants argue all claims and allegations relating to them should be dismissed.

The court agrees with the defendants. In order to have constitutional standing, three elements must be met: there must be "(1) an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent; (2) a causal connection between the injury and the conduct complained of; and (3) the likelihood that a favorable decision will redress the injury." *Croft v. Governor of Texas*, 562 F.3d 735, 745 (5th Cir. 2009) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). Blocker's claims regarding the misconduct allegedly suffered by Alex and Chanel Blocker fail to satisfy the first element. Because they were not named as parties in this action, and because Blocker has failed to demonstrate that she, personally, was injured by their alleged mistreatment, she has failed to establish an "injury in fact." Consequently, any claims involving Alex or Chanel Blocker should be dismissed.

## IV. CONCLUSION

Defendants' motion to dismiss for failure to state a claim is hereby GRANTED IN PART and DENIED IN PART. Specifically, the court orders the following:

1. Marian Blocker's complaint fails to state a claim for which relief can be granted. Therefore, her claims against the defendants are DISMISSED WITHOUT PREJUDICE. However, she is granted leave to file an amended complaint within seven (7) days of this order.

2. Marian Blocker's state law claims, if any, are hereby DISMISSED WITHOUT PREJUDICE for her failure to comply with Mississippi Code Annotated § 11-46-11(1).

3. Marian Blocker lacks standing to bring claims on behalf of Alex and Chanel Blocker, and therefore, any claims in her complaint stemming from those nonparties are hereby DISMISSED WITH PREJUDICE.

SO ORDERED this, the 18th day of August, 2016.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE