IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

MARIAN BLOCKER                                                      PLAINTIFF

VS.                                  CIVIL ACTION NO: 1:16CV2-DAS

CITY OF TUPELO AND
CITY OF TUPELO POLICE DEPARTMENT              DEFENDANTS

**MEMORANDUM OPINION**

This matter is before the court on defendants' motion to dismiss [39]. Having considered the motion, the court finds that it is well taken and should be granted for the reasons set forth below.

**I. BACKGROUND**

Plaintiff Marian Blocker originally filed this action in the United States District Court for the Southern District of Mississippi. However, because she and the defendants are residents of Tupelo, Mississippi, and because the alleged misconduct also took place in Tupelo, Mississippi, Blocker's case was transferred to this district court—the United States District Court for the Northern District of Mississippi. After her case was transferred, Blocker filed her first amended complaint, which, like the original, alleged various instances of misconduct on the part of local law enforcement officers. Subsequently, the City of Tupelo filed its first motion to dismiss, which was granted in part and denied in part. Plaintiff's state law claims, as well the claims she made on behalf of Alex and Chanel Blocker, were dismissed with prejudice. Blocker's 42 U.S.C. § 1983 claims against the City of Tupelo were dismissed without prejudice, and she was granted leave to file an amended complaint within seven days.

1

On August 25th, 2016, Blocker timely filed her second amended complaint against the City of Tupelo and the Tupelo Police Department. Notably, her second amended complaint omits most of the allegations made in her previous complaints. Rather, she now focuses on two detectives from the Tupelo Police Department, Daniel McKinney and Tremain Chassell.[1] Blocker alleges McKinney and Chassell failed to properly investigate her complaints regarding an individual named Tyler Stampfli. According to her complaint, Stampfli had somehow gained possession of Blocker's "sensitive personal information," and neither McKinney nor Chassell conducted an appropriate investigation of Stampfli. However, plaintiff does not explain who Stampfli is, how he came to possess her sensitive personal information, or the injuries she has suffered from Stampfli's use of her personal information.

Blocker also makes two other allegations specifically against McKinney. She claims he became "emotional, belligerent, bullying and violated [her] constitutional rights…" She further claims McKinney "decided to 'persuade ('If you pay $1350 right now, I'll make this go away, right now') plaintiff into illegally paying funds to Tyler Stampfli…" However, Blocker's complaint offers very little detail regarding how her constitutional rights were violated. It also fails to provide any context regarding McKinney's attempt to persuade Blocker into making an illegal payment. Nevertheless, she contends that McKinney's and Chassell's failure to properly investigate her complaints against Stampfli resulted in her being falsely imprisoned, as well as triggering the release of her "sensitive personal information."

For these reasons, Blocker is seeking "relief and remedy in the form of $5 million from medical expenses, e.g., doctor's visits, medications, legal counsel fees, computer forensics expenses, lost wages, emotional, mental, and spiritual duress…"

---

[1] Plaintiff also makes a passing reference to the then Chief of Police of the Tupelo Police Department, Tony Carleton, and claims that he "failed to provide proper leadership, direction and, oversight over" McKinney and Chassell.

## II. MOTION TO DISMISS STANDARD

In order to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Ultimately, the court's task "is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *In re McCoy*, 666 F.3d 924, 926 (5th Cir. 2012), *cert. denied*, 133 S. Ct. 192 (2012). Therefore, the court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232-33 (5th Cir. 2009). Still, this standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. There must be sufficient facts "to raise a reasonable hope or expectation…that discovery will reveal relevant evidence of each element of a claim." *Lormand*, 565 F.3d at 257 (citing *Twombly*, 550 U.S. at 555, 559) (other citations omitted).

Importantly, the court liberally construes pleadings filed *pro se*, such as the complaint in this case. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (noting that *pro se* complaints are held "to less stringent standards than formal pleadings drafted by lawyers"). Moreover, even "[w]hen the dismissal of a *pro se* complaint is appropriate, it should generally be done without prejudice in order to allow the plaintiff an opportunity to file an amended complaint." *Rodriguez v. U.S.*, 66 F.3d 95, 97-98 (5th Cir. 1995) (citing *Moawad v. Childs*, 673 F.2d 850, 851 (5th Cir. 1982)).

## III. DISCUSSION

The defendants responded to Blocker's second amended complaint by filing the instant motion to dismiss. In essence, they argue Blocker's second amended complaint suffers from the same fatal omission as her previous complaint: she has failed to demonstrate the constitutional violations, if any, were the product of an official policy or widespread practice of the City of Tupelo. Furthermore, the defendants emphasize that only the City of Tupelo has been named as a defendant in this action,[2] even though Blocker's claims stem entirely from the alleged actions of McKinney, Chassell and possibly the former Chief of Police, Tony Carleton. None of these individuals have been sued in their individual capacities. As such, the defendants frame Blocker's action as seeking to impose *respondeat superior* or vicarious liability on the City of Tupelo. For these reasons, the defendants believe Blocker's claims are frivolous and merit dismissal.

The court agrees with the defendants and finds that Blocker has failed to state a claim upon which relief can be granted. Because she is suing an entity and not an individual, Blocker is required to establish that a constitutional violation occurred as a result of some official policy of the City of Tupelo. *Board of Cnty. Commissioners, Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 403-404 (1997). Such "policy" can exist in the form of an official "policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority…" *Johnson v. Deep. E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 309 (5th Cir. 2004) (quoting *Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992)). The requisite "policy" may also consist of a "persistent, widespread practice of…officials or

---

[2] Although Blocker also names the Tupelo Police Department as a defendant in this action, "a police department does not have a separate existence from its city and may not be sued under § 1983. *Skinner v. Johnson*, 2015 WL 6704519, at *2 (N.D. Miss. Nov. 3, 2015).

4

employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents…policy." *Id*.

Like her first amended complaint, Blocker's second amended complaint is silent regarding whether an "official policy" or "persistent, widespread practice" produced the alleged episodes of harassment, abuse and neglect of duty. And as the defendants point out, Blocker has failed to sue McKinney, Chassell and Carleton in their individual capacities. Because "[*r*]*espondeat superior* or vicarious liability will not attach under § 1983," the court finds that Blocker has failed to state a claim upon which relief can be granted. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989), (citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694-95 (1978)). Accordingly, the court finds that Blocker's § 1983 claims should be dismissed with prejudice.

## IV. CONCLUSION

IT IS, THEREFORE, ORDERED THAT:

1. Defendants' motion to dismiss for failure to state a claim is GRANTED.
2. Blocker's 42 U.S.C. § 1983 claims against the City of Tupelo and the Tupelo Police Department are hereby DISMISSED WITH PREJUDICE.

SO ORDERED this, the 27th day of September, 2016.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE